**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

IAN B. MOYTEY,                                                                                                PLAINTIFF
ADC #600360

v.                                              4:20CV00427-JM-JTK

BILL HIGGINS, et al.                                                                                         DEFENDANTS

**ORDER**

This matter is before the Court on Plaintiff's Motion to Amend, to add fifteen parties and to dismiss three parties. (Doc. No. 149) Defendants object, stating that the discovery deadline has passed and they are prepared to file a Summary Judgment motion by the January 15, 2021 deadline. (Doc. No. 151)

In support of his Motion, Plaintiff states he just recently learned the identity of new individuals responsible for the alleged unconstitutional conditions at the Pulaski County Detention Facility. Defendants note that some of those Defendants were identified through discovery responses provided in August 2020.

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to

1

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

While Plaintiff briefly describes the plausible involvement of some of the potential Defendants in his Motion, he does not provide sufficiently specific facts of their involvement to support a constitutional claim for relief against them. FED.R.CIV.P. 15 (a)(2) provides that leave to amend should be freely given "when justice so requires." "Leave should be denied where there are compelling reasons 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844 (8th Cir. 2003) (quoting Becker v. University of Nebraska, 191 F.3d 904, 907-8 (8th Cir. 1999) (other citations omitted.))

In this case, the Court understands Defendants' frustrations about the late filing of Plaintiff's Motion. However, Plaintiff does not seek to add claims, but rather, parties, and the Court finds no evidence of bad faith or dilatory motives on Plaintiff's part, and at the same time notes that he has been transferred during the past few months. Yet, prior to ruling on Plaintiff's Motion, Plaintiff must first submit a proposed Supplemental Amended Complaint which sets forth clearly and succinctly the proposed Defendants' involvement in the incidents at issue in this case.

Plaintiff is directed to file a short Supplemental Amended Complaint within thirty days which should: **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; and 4) state how he was harmed. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.** Accordingly,

IT IS, THEREFORE, ORDERED that:

1. Ruling on Plaintiff's Motion to Amend and Dismiss Parties is STAYED for thirty days, pending the submission by Plaintiff of a Supplemental Amended Complaint in accordance with the directions set forth above.

2. Deadlines set forth in the Court's June 15, 2020 Scheduling Order (Doc. No. 26) are SUSPENDED, pending a ruling on Plaintiff's Motion.

IT IS SO ORDERED this 7th day of January, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE